COMMONWEALTH *vs.* RONALD DAVID COWAN. No. 95-P-1044. July 5, 1996. *Firearms. Practice, Criminal,* Lesser included offense. *Necessity.*

The defendant was charged and convicted of possession of a firearm outside his residence or place of business, without having a license to carry (see G. L. c. 140, §§ 131 & 131F) or being otherwise authorized to possess, in violation of G. L. c. 269, § 10(a), as appearing in St. 1990, c. 511, § 2. For purposes of decision we will assume that the last words of the complaint, "or otherwise being authorized," included a charge of not having in effect a firearm identification card (see G. L. c. 140, § 129C), so as to encompass the elements of G. L. c. 269, § 10(h), as appearing in § 3 of the 1990 statute (possessing a firearm without having in effect a firearm identification card).[1] Nevertheless, the judge did not err in refusing the defendant's request to charge the § 10(h) offense as lesser included within the charge under § 10(a). In the 1990 amendment the Legislature, presumably for the purpose of buttressing enforcement of the minimum mandatory one-year sentence specified for violations of § 10(a) (unauthorized possession of a firearm away from one's residence or business) from compromises engendered by the availability of more lenient sentences under § 10(h) (unauthorized possession of firearm in one's residence or business), specified that "[a] violation of [§ 10(h)] shall not be considered a lesser included of-

---

[1]The validity of the assumption is doubtful, because a firearm identification card would not authorize its holder to carry a firearm (as contrasted with a rifle or shotgun) beyond the residence or business. See G. L. c. 140, § 129C, seventh par. See also *Commonwealth* v. *Statham*, 38 Mass. App. Ct. 582, 583-585 (1995).

fense to a violation of [§ 10](*a*), nor shall any one prosecute as a violation of [§ 10(*h*)] the mere possession of a firearm, rifle, or shotgun by an unlicensed person not being present in or on his residence or place of business, nor shall the court allow an attempt to so prosecute."

Here the evidence was uncontradicted — indeed, the defendant admitted — that he carried a .22 caliber handgun from his home to a prearranged, hostile confrontation with another in a public park. Based on the defendant's probably dubious contention that his carrying of the weapon to the confrontation was, due to his fear for his safety, justified by necessity (the judge *did* charge the jury generally on the defense of necessity), the defendant argues that the jury might properly reason that necessity justified the defendant in carrying the weapon to the park but did not justify his prior possession of the weapon at home, with the result that the defendant could properly have been convicted of possession of a firearm at home without a firearm identification card or other license, if that offense, § 10(*h*), had been charged as a lesser included offense.

We know of no sound reason for concluding that the Legislature may not constitutionally require a jury to render a straight up guilty or not guilty verdict on an entire offense as charged, precluding consideration of possible lesser included offenses. The defendant suggests that this is a legislative interference in the role of the judiciary; but the same could be said of many rules of litigation procedure that are taken to be validly imposed by the Legislature and, in any event, the defendant cites no pertinent authority for his position.

*Judgment affirmed.*

*Robert J. Carnes* for the defendant.

*Paul J. Caccaviello,* Assistant District Attorney, for the Commonwealth.